THE STATE OF OHIO, APPELLEE, *v.* HOLT, APPELLANT.

[Cite as State v. Holt, 17 Ohio St. 2d 81.]

(No. 68-146—Decided March 26, 1969.)

Mr. *Richard J. Wessel,* prosecuting attorney, and *Mr.*
*John F. Holcomb,* for appellee.
*Messrs. Holbrock & Jonson,* for appellant.

ZIMMERMAN, J. Evidence against the defendant included his identification by the victim of the assault as her assailant and a description, by the victim and by another girl who witnessed the abduction, of the automobile being driven by the abductor, which description corresponded with the automobile belonging to defendant. The abduction took place from a sidewalk in the city of Hamilton; and testimony by the defendant and a service station attendant placed defendant and his automobile in the general vicinity of the abduction near the time it occurred.

Defendant has four principal complaints. He asserts prejudicial error on the part of the trial court in qualifying the seven-year-old victim of the assault as a competent witness and in allowing her testimony to go to the jury. In the abstract, there may be doubt as to whether the average seven-year-old child can appreciate the meaning and significance of an oath, and whether such a child is capable of testifying on a given subject accurately and truthfully. It is apparent from a reading of the court's preliminary examination of the victim in chambers that she had a somewhat hazy conception of the meaning and significance of an oath. When she took the witness stand, with the court's approval, most of the questions asked her on direct examination were highly leading, eliciting answers generally given in monosyllables or by nods of the head. However, the trial judge herein, who has had wide and long experience in the trial of civil and criminal cases, was in a much better position than are we to gauge the capacity of the victim as a competent witness, and the jury had the opportunity to observe the witness and to determine how much credence and weight should be given her testimony. We are, therefore, unwilling to hold that the trial judge is chargeable with an abuse of discretion constituting reversible error in accepting the witness as a qualified and competent witness and in allowing her testimony to go to the jury.

Next, the defendant claims prejudicial error on the part of the trial judge in not ordering a mistrial pursuant to a motion therefor when a detective in the sheriff's office,

on the witness stand, in consulting his notes and not in response to any question asked him, volunteered the information that defendant had taken a lie detector test and had failed it. Of course, such testimony was highly improper and no doubt damaging to the defendant, but the trial judge promptly instructed the jurors to disregard such remark and to erase it from their minds. In view of the court's immediate action in this respect, we do not feel justified in holding that the judge's refusal to order a mistrial was prejudicial error.

Another claimed prejudicial error advanced by the defendant is the court's action in ordering a trial-weary jury to resume its deliberations, which lasted far into the night, after the jury foreman had informed the court that a verdict could not be reached. Defendant claims that this action was a coercive tactic on the part of the court which resulted in the rendition of the guilty verdict, and which verdict might not have been reached except for the court's undue and arbitrary pressure. We find that such insistence is within the permissible province of the court.

Lastly, the claimed error which gives us the most concern relates to the admission in evidence, *over strenuous and continuing objection*, of Neutron Activation Analysis testimony, involving nuclear reactions, in comparative tests of pubic hair taken from the person of the victim and from the clothing of the defendant while he was in jail awaiting trial. The challenged testimony was given by a witness called by the state, a nuclear chemist connected with the research laboratory of the Union Carbide Corporation. From the testimony of this witness on direct and cross-examination, the following observations may be made:

Neutron Activation Analysis is a relatively new procedure and is still in its infancy. Comparative tests of human hair have been of far less frequent occurrence than comparative tests of other substances such as soils, minerals and metals. The tests are not conclusive. The hairs examined, which were alleged to be those of the defendant, were not cleaned before testing and were not available for

retesting, one having been destroyed and others having been chemically altered in the testing process.

A number of cases are cited by the state wherein neutron activation analyses of various substances have been admitted in evidence, at least two of them involving human hair.

We now come to the important and determinative factor which leads us to the conclusion that the witness's testimony should have been rejected and that it was prejudicial error to receive it over objection.

In workmen's compensation cases, for example, where the testimony of medical doctors is required to establish a direct causal relationship between an injury and ensuing disability, the witness must connect the two with *reasonable medical certainty*. Probability, and not possibility, is required. And, see *Shepherd* v. *Midland Mutual Life Ins. Co.*, 152 Ohio St. 6, 87 N. E. 2d 156, 12 A. L. R. 2d 1250, holding that in "the interpretation of certain scientific facts" by a qualified witness, the opinion he expresses must be based on "probability" or "actuality." We think that the same rule should be applied in the instant case, especially since Neutron Activation Analysis has not yet reached the point of generally proven reliability, and since the testing procedures followed by the witness herein are subject to challenge.

The following question was asked the witness by the state:

"Based on the Neutron Activation Analysis * * * do you have an opinion *based on reasonable scientific certainty* as to the similarity or dissimilarity of these specimens?" (Emphasis supplied.)

His response was:

"The samples * * * are similar *and are likely* to be from the same source." (Emphasis supplied.)

The term "likely" is a weaker one than "reasonably certain" or "probability" and carries appreciably less weight. Thus, in the case of *Ottgen* v. *Garey*, 41 Ohio App. 499, 505, 181 N. E. 485, 487, Lloyd, J., correctly stated:

"The word 'likelihood' imports something less than reasonable certainty."

In the case of *Robards* v. *Kansas City Public Service Co.*, 238 Mo. App. 165, 170, 177 S. W. 2d 709, 712, it is said in the opinion:

"* * * that the word 'likely' is not equivalent to the words 'reasonably certain'; that 'reasonably certain' is a stronger expression than the word 'likely'."

It has also been held that in law "likely" means something less than "probable." *Conchin* v. *El Paso & Southwestern Rd. Co.*, 13 Ariz. 259, 264, 108 P. 260, 262, 28 L. R. A. (N. S.) 88, 91, and *Blaine* v. *State*, 196 Miss. 603, 609, 17 So. 2d 549, 550. Compare *Howard* v. *State*, 108 Ala. 571, 577, 18 So. 813, 816, where it was held that charges using the words "likely" and "likelihood" as a substitute for "probable" and "probability" were properly refused to avoid misleading and confusing the jury.

Because of the witness's educational background and his apparent prestige, his testimony undoubtedly made an impression on the jury and was accorded greater weight than it was entitled to. Defendant was charged with a heinous and dastardly crime, and the jury apparently had difficulty in reaching a guilty verdict.

Our conclusion is that the testimony of the witness, respecting the comparative hair analysis, the procedures used in such analysis and his ultimate conclusion based thereon, did not reach that degree of certainty which the law demands, and his testimony should have been rejected; the failure to do so constituted error prejudicial to defendant.

Therefore, the judgment of the Court of Appeals is reversed and the cause is remanded to the Court of Common Pleas for further proceedings.

*Judgment reversed.*

TAFT, C. J., O'NEILL, HERBERT and DUNCAN, JJ., concur.
SCHNEIDER, J., concurs in the syllabus.
MATTHIAS, J., dissents.