[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION AND JUDGMENT ENTRY
* * * * *
This is an appeal from a sentencing order issued by the Wood County Court of Common Pleas in a sexual battery case. Because we cannot determine whether the court applied the proper statutorily mandated standards when it sentenced appellant to prison, we vacate its order and remand for resentencing.
On December 19, 1996, appellant, James F. King, pled guilty to two counts of sexual battery (a third degree felony); the crimes emanated from a two-year relationship that appellant had with a twelve-year-old boy.
At the sentencing hearing on January 31, 1997, the trial court found that serious physical and psychological harm resulted from appellant's behavior, that the physical and psychological injuries suffered by the victim were exacerbated by the victim's age, that appellant violated a position of trust and that his relationship with the victim facilitated the offense — all factors enumerated under R.C. 2929.12(B). Although the court found appellant had no juvenile or criminal record and had been law abiding for a number of years, it concluded that appellant might offend again. The court then ordered appellant imprisoned for five years, the maximum penalty possible, on each count. The sentences were to run concurrently.
On February 6, 1997, the trial court journalized its sentence. In doing so the court recited consideration of R.C.2929.13(B) factors and, in a check-off form, indicated findings that the offender had caused physical harm, held a position of trust and that the crime was a sex offense. Pursuant to R.C.2929.11, the court concluded that a short prison term would demean the seriousness of the offense.
At a subsequent hearing, the court considered the matter of restitution for the expense of the victim's hernia surgery. The judgment entry of the court recites what occurred at that hearing,
 "Counsel for the State presented a letter from Dr. Pizza suggesting the victim's hernia and surgery were a result of the abuse inflicted by the Defendant. Defense counsel objected to the letter and requested he be allowed to speak with the doctor. The Court was informed that the only restitution claim that the Defendant found objectionable was the expense of the hernia surgery. The Court then contacted Dr. Pizza and a telephone conference was held. The physician could not say that the hernia was caused by the acts of the Defendant to a reasonable degree of medical certainty but he believed it was a direct result of the sexual contact."
The court ultimately ordered the restitution.
Appellant now brings this appeal, setting forth the following two assignments of error:
"First Assignment of Error
 "THE TRIAL COURT ERRED IN IMPOSING THE MAXIMUM POSSIBLE TERM OF INCARCERATION FOR EACH COUNT.
"Second Assignment of Error
 "THE TRIAL COURT ERRED IN IMPOSING RESTITUTION WHEN THE EVIDENCE DID NOT SHOW TO A REASONABLE DEGREE OF MEDICAL CERTAINTY THAT THE VICTIM'S HERNIA WAS CAUSED BY DEFENDANT'S ACTIONS."
 I.
R.C. 2929.13(C) provides that in determining whether to impose a prison term for an offender convicted of a third degree felony, the court shall comply with the purposes and principles of sentencing found in R.C. 2929.11 and with R.C. 2929.12. R.C.2929.12(B), (C), (D), (E) lists several factors the court is to consider in order to determine whether the offense at issue is more or less serious than the norm and whether or not the offender is likely to commit future crimes.[1] Clearly, the trial court's orally stated considerations, made at the sentencing hearing, came from those factors.
However, R.C. 2929.13(B), (the section recited in the court's sentencing order) is only to be employed in considering the sentence of an offender for a fourth or fifth degree felony in which there is a presumption that imprisonment will not be imposed.[2]
Appellant argues that in its judgment entry, the court used the wrong sentencing considerations. The state concedes that the entry recites the wrong standard, but suggests that since the court's oral pronouncements at the sentencing hearing applied the correct standard and, in any event, the R.C. 2929.11 principles and purposes override these considerations, see State v. Cooks
(Dec. 31, 1997), Sandusky App. No. S-97-026, unreported, appellant was not prejudiced.
A court speaks only through its journal. State v. King
(1994), 70 Ohio St.3d 158, 162. In this case, the court's judgment entry recites the wrong standard of consideration for a third degree felony. While this may be a clerical error, the stated standard is erroneous. Because the statute states that the court "y * * * shall consider * * *" the R.C. 2929.12 factors, the instruction is mandatory. Dorian v. Scioto Conservancy Dist.
(1971), 27 Ohio St.2d 102, paragraph one of the syllabus. Even though the court has the ultimate discretion in sentencing pursuant to R.C. 2929.11, it must nevertheless consider the statutory factors. The record does not clearly reflect that it did so.
Appellant also argues that, irrespective of the factors the court employed, the sentence imposed is too severe. Notwithstanding the recent change in Ohio sentencing law, the ultimate determination of a sentence rests in the sound discretion of the court and will not be reversed absent an abuse of that discretion. State v. Cooks, supra, at 3. The test for an abuse of discretion is not whether the reviewing court would have imposed the same sentence, but whether the trial court's order was arbitrary, unreasonable or unconscionable. State v. Long (1978),53 Ohio St.2d 91, 98. We make no determination of this issue now as the trial court must revisit its sentencing order applying the R.C. 2929.12 factors.
Accordingly, appellant's first assignment of error is well-taken.
 II.
In his second assignment of error, appellant asserts that the trial court erred when it ordered him to reimburse the victim's parents for their expense in treating the victim for a hernia. Appellant contends that there was insufficient evidence to prove to a reasonable degree of medical certainty that appellant was responsible for the victim's hernia.
In an order of restitution, the amount of restitution must bear a reasonable relationship to the loss suffered. Statev. Marbury (1995), 104 Ohio App.3d 179, 181; see, also, R.C.2929.18(A)(1). Thus, it is held that restitution is limited to the actual loss caused by the defendant's criminal conduct for which he was convicted. State v. Brumback (1996), 109 Ohio App.3d 65,82. There must be competent and credible evidence in the record from which the court may ascertain the amount of restitution to a reasonable degree of certainty. Id. at 83; Statev. Warner (1990), 55 Ohio St.3d 31, 69.
In this matter, the victim's treating physician sent a letter to the court in support of the costs of treatment being taxed as restitution. The doctor stated:
 "I have taken care of [the victim] for the past several years for problems with recurrent epididymitis as well as recurrent hernias. This was quite unusual and we did do multiple diagnostic testing to try to find the source of this recurrent problem. We never did find the source of the problem until recently, when it became our knowledge that [the victim] had been sexually abused for quite a few years.
 "Since the abuse has stopped, many of [the victim's] problems have stopped as well. I think we can safely state that [his] problems were directly attributable to the sexual abuse that he did undergo."
There is no transcript in the record of the hearing at which this letter was introduced. The only record of the hearing is the court's recitation in its final judgment entry of the events that occurred there. According to the court, appellant's counsel objected to the letter and a telephone call was placed to the doctor. During that call, the physician reportedly stated he could not say, "* * * to a reasonable degree of medical certainty * * *" that appellant's acts caused the hernia, but he "* * * believed it was a direct result of the sexual contact."
Both parties cite State v. Benner (1988), 40 Ohio St.3d 301,313-314, for opposite conclusions, arguing that the doctor's letter and telephone statements are/are not sufficient to establish the "probability" that appellant's criminal acts were responsible for the victim's hernia and the resulting treatment costs incurred by his parents.
Semantic arguments aside, the state of the record is disquieting. Unchallenged, the physician's letter is in our view sufficient to satisfy the degree of "probability" required in this instance. Id.; see, also, State v. Holt (1969), 17 Ohio St.2d 81,85, and State v. Buell (1986), 22 Ohio St.3d 124, 134. Of record, the only thing challenging the letter (in which the physician stated "we can safely state that [the] problems were directly attributable to the sexual abuse * * *.") is the court's notation that the doctor stated on the telephone that he could not set causation to a reasonable degree of medical certainty. Without a transcript of these proceedings, we are unable to evaluate the context of that statement or determine whether the formalities of testimony were adhered to. In instances where an adequate record has not been transmitted, we are required to presume regularity in the proceedings below and affirm the trial court's decision. SeeKnapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197, 199;State v. Skaggs (1978), 53 Ohio St.2d 162, 163.
Accordingly, appellants' second assignment of error is found not well-taken.
On consideration whereof, the court reverses and vacates the sentencing order of the trial court and remands the matter to the trial court for further proceedings consistent with this opinion. With respect to all other matters, the trial court is affirmed. It is ordered that appellee pay the court costs of this appeal.
JUDGMENT REVERSED, IN PART,
 AND AFFIRMED, IN PART.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
 _______________________________ George M. Glasser, J.
JUDGE
 _______________________________ Melvin L. Resnick, J.
JUDGE
 _____________________________ James R. Sherck, J.
JUDGE
CONCUR.
[1] R.C. 2929.12(B), (C), (D) and (E) read as follows:
 "(B) The sentencing court shall consider all of the following that apply regarding the offender, the offense, or the victim, and any other relevant factors, as indicating that the offender's conduct is more serious than conduct normally constituting the offense:
 "(1) The physical or mental injury suffered by the victim of the offense due to the conduct of the offender was exacerbated because of the physical or mental condition or age of the victim.
 "(2) The victim of the offense suffered serious physical, psychological, or economic harm as a result of the offense.
 "(3) The offender held a public office or position of trust in the community, and the offense related to that office or position.
 "(4) The offender's occupation, elected office, or profession obliged the offender to prevent the offense or bring others committing it to justice.
 "(5) The offender's professional reputation or occupation, elected office, or profession was used to facilitate the offense or is likely to influence the future conduct of others.
 "(6) The offender's relationship with the victim facilitated the offense.
 "(7) The offender committed the offense for hire or as a part of an organized criminal activity.
 "(8) In committing the offense, the offender was motivated by prejudice based on race, ethnic background, gender, sexual orientation, or religion.
 "(C) The sentencing court shall consider all of the following that apply regarding the offender, the offense, or the victim, and any other relevant factors, as indicating that the offender's conduct is less serious than conduct normally constituting the offense:
"(1) The victim induced or facilitated the offense.
 "(2) In committing the offense, the offender acted under strong provocation.
 "(3) In committing the offense, the offender did not cause or expect to cause physical harm to any person or property.
 "(4) There are substantial grounds to mitigate the offender's conduct, although the grounds are not enough to constitute a defense.
 "(D) The sentencing court shall consider all of the following that apply regarding the offender, and any other relevant factors, as factors indicating that the offender is likely to commit future crimes:
 "(1) At the time of committing the offense, the offender was under release from confinement before trial or sentencing, under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or under post-release control pursuant to section 2967.28
or any other provision of the Revised Code for an earlier offense.
 "(2) The offender previously was adjudicated a delinquent child pursuant to Chapter 2151. of the Revised Code, or the offender has a history of criminal convictions.
 "(3) The offender has not been rehabilitated to a satisfactory degree after previously being adjudicated a delinquent child pursuant to Chapter 2151. of the Revised Code, or the offender has not responded favorably to sanctions previously imposed for criminal convictions.
 "(4) The offender has demonstrated a pattern of drug or alcohol abuse that is related to the offense, and the offender refuses to acknowledge that the offender has demonstrated that pattern, or the offender refuses treatment for the drug or alcohol abuse.
 "(5) The offender shows no genuine remorse for the offense.
 "(E) The sentencing court shall consider all of the following that apply regarding the offender, and any other relevant factors, as factors indicating that the offender is not likely to commit future crimes:
 "(1) Prior to committing the offense, the offender had not been adjudicated a delinquent child.
 "(2) Prior to committing the offense, the offender had not been convicted of or pleaded guilty to a criminal offense.
 "(3) Prior to committing the offense, the offender had led a law-abiding life for a significant number of years."
[2] R.C. 2929.13(B) reads as follows:
 "(B)(1) Except as provided in division (B)(2), (E), (F), or (G) of this section, in sentencing an offender for a felony of the fourth or fifth degree, the sentencing court shall determine whether any of the following apply:
 "(a) In committing the offense, the offender caused physical harm to a person.
 "(b) In committing the offense, the offender attempted to cause or made an actual threat of physical harm to a person with a deadly weapon.
 "(c) In committing the offense, the offender attempted to cause or made an actual threat of physical harm to a person, and the offender previously was convicted of an offense that caused physical harm to a person.
 "(d) The offender held a public office or position of trust and the offense related to that office or position; the offender's position obliged the offender to prevent the offense or to bring those committing it to justice; or the offender's professional reputation or position facilitated the offense or was likely to influence the future conduct of others.
 "(e) The offender committed the offense for hire or as part of an organized criminal activity.
 "(f) The offense is a sex offense that is a fourth or fifth degree felony * * *.
"(g) The offender previously served a prison term.
 "(h) The offender previously was subject to a community control sanction, and the offender committed another offense while under the sanction."