OPINION
Defendant-Appellant, Lawrence E. Morel, appeals from the judgment of the Court of Common Pleas of Auglaize County, finding him guilty in his rape and gross sexual imposition case, and from the judgment of the common pleas court, which found Morel to be a sexual predator. Appellant challenges the court's finding that the child/victim was competent to testify against him, and argues that the evidence was insufficient to determine that he is a sexual predator. For the reasons that follow, we affirm both the conviction and the determination of sexual predator status.
In June of 1998, Appellant was indicted on two counts of rape, in violation of R.C. 2907.02(A)(1)(b), and two counts of gross sexual imposition, in violation of R.C. 2907.05(A)(4), for acts he committed against a seven year old girl. Following a trial to the bench, Appellant was found guilty of all four counts. On November 6, 1998, finding the rape and gross sexual imposition convictions to be allied offenses of similar import, the trial court sentenced Appellant to a term of eight years incarceration for each rape conviction, with these terms to be served concurrently. That same day, having previously held a hearing on the matter, the court found Morel to be a sexual predator by clear and convincing evidence.
Appellant now appeals these judgments, assigning two errors for our review.
 Assignment of Error No. I The finding of the trial court that the seven (7) year oldvictim was competent to testify was an abuse of discretion.
Appellant was accused of vaginally raping a seven year old child by digital penetration. The offenses occurred while Appellant was babysitting the child and her two male siblings in a motel room. The child's statements coupled with medical evidence documenting that she had a broken hymenal ring comprised the bulk of the State's evidence. At trial, the competency of the seven year old victim was tested at length through voir dire. Ultimately, the trial court found the child competent to testify and the witness recounted the abuse perpetrated by Appellant. In his first assignment of error, Appellant claims the trial court erred in finding the child competent to testify at trial.
Evid.R. 601 provides:
 Every person is competent to be a witness except: (A) * * * children under ten years of age, who appear incapable of receiving just impressions of the facts and transactions respecting which they are examined, or of relating them truly.
Thus, in cases involving children under ten, while there is no rebuttable presumption that the witness is incompetent, "the proponent of the witness' testimony bears the burden of proving that the witness is capable of receiving just impressions and relating them truthfully." State v. Clark (1994), 71 Ohio St.3d 466,469.
The trial court must conduct voir dire to determine, in its discretion, whether the child is competent to testify. State v.Frazier (1991), 61 Ohio St.3d 247, 250-251. When making this determination, the trial court must take into consideration the following:
 (1) the child's ability to receive accurate impressions of fact or to observe acts about which he or she will testify, (2) the child's ability to recollect those impressions or observations, (3) the child's ability to communicate what was observed, (4) the child's understanding of truth and falsity and (5) the child's appreciation of his or her responsibility to be truthful.
Id. at the syllabus.
We are mindful that a trial judge is in a far better position than a reviewing court to gauge the competency of a child witness under the age of ten, State v. Holt (1969), 17 Ohio St.2d 81, 83, and for that reason, the lower court's finding as to competency will not be disturbed absent an abuse of discretion. Frazier,61 Ohio St. 3d at 252.
Appellant concedes that the child witness in this case satisfied the fourth and fifth factors mentioned in Frazier,supra. Appellant claims, however, that the voir dire of the child witness failed to establish that she could recall and communicate events from January 1998 to May 1998, the time period of purported abuse. Appellant points to the fact that at the time of trial, in September of 1998, the child could not remember her birthdate, gifts she had received last Christmas, or the name of her teacher during the preceding school year. Furthermore, although the child had moved from Ohio only a few months prior to testifying, she stated she lived in Ohio "a long time ago" and was unable to describe her bedroom in Ohio.
Although the record demonstrates that the child witness was unable to recall some events or facts from the past, she was able to describe for the court a number of things that occurred in the year preceding trial. She recounted activities she did in school: she described playing with two girl friends during recess on the swings and monkey bars; she described the location of the swings and monkey bars on the playground; she described the protocol for obtaining food in the cafeteria and her favorite lunch; and finally, she described a field trip to the zoo. Thus, the court had some basis from which to find that the child could observe, recall, and communicate impressions of fact from the relevant time period. Consequently, we cannot find the trial court abused its discretion in finding the child witness competent to testify. Appellant's first assignment of error is overruled.
 II. The trial court committed an error of law in finding that theDefendant was a sexual predator pursuant to R.C. 2950.09(B).
Pursuant to R.C. 2950.09(B)(1), the trial court in this case held a hearing on October 28, 1998, to determine Appellant's status as a sexual predator. Following the statutory procedure, the trial court found Appellant to be a sexual predator. Appellant appeals this decision.
A "sexual predator" is defined in R.C. 2950.01(E) as "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." Before a person is classified as a sexual predator, a hearing is conducted in accordance with R.C. 2950.09(B). Under R.C. 2950.09(B)(1), the defendant is afforded notice and an opportunity to be heard at the hearing and has a right to be represented by counsel. R.C.2950.09(B)(2) instructs the trial court to consider the following factors when making its sexual predator determination:
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 (g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and where the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's conduct.
After reviewing these factors as they apply to the case, the trial court must determine by clear and convincing evidence whether the offender is a sexual predator. R.C. 2950.09(B)(3). Clear and convincing evidence is the measure or degree of proof that is more than a mere preponderance of the evidence, but less than the extent of certainty that is required for proof beyond a reasonable doubt. Cross v. Ledford (l954), 161 Ohio St. 469, paragraph three of the syllabus. It is evidence which "produce[s] in the mind of the trier of fact a firm belief or conviction as to the facts sought to be established." State v. Schiebel (1990),55 Ohio St.3d 71, 74, quoting Cross 161 Ohio St. 469, paragraph three of the syllabus. An appellate court will not reverse a trial court's determination on this issue if the determination is supported by evidence legally sufficient to meet the clear and convincing standard of proof. Schiebel, 55 Ohio St.3d at 74; Inre Adoption of Holcomb (1985), 18 Ohio St.3d 361, 368; see Statev. Thompkins (1997), 78 Ohio St.3d 380, 386.
It is not disputed that Appellant was found guilty of two counts of rape and two counts of gross sexual imposition, each count qualifying as a "sexually oriented offense" under R.C.2950.01(D). The issue in Appellant's sexual predator hearing, therefore, was whether Appellant was "likely to engage in the future in one or more sexually oriented offenses."
In Appellant's case, some of the factors enumerated in R.C.2950.09(B)(2) either weighed against a finding of sexual predator status or bore no relevance to the determination: Appellant was age 51 at the time of the offense; he had no prior criminal record; the case did not involve multiple victims, nor the use of drugs or alcohol to impair the victim; and Appellant displayed no cruelty to his victim. However, there are facts evident from the record, including the victim impact statement, the mitigation of penalty evaluation, and the presentence investigation report, which support the trial court's determination. For example, Appellant's victim was a seven year old child, who suffered both physical and emotional trauma from the abuse. R.C.2950.09(B)(2)(c), and (h). The trial court found Appellant had more than one occasion of contact with the victim thereby evidencing a pattern of abuse. R.C. 2950.09(B)(2)(h). The unrefuted testimony of Amy Warner, a prostitute who, on two instances, had sexual contact with Appellant, established that he used child pornography for arousal. This material depicted, among other things, an adult male engaging in intercourse with a nine or ten year old girl. Warner also testified that on at least one occasion of sexual contact, Appellant had her "dress and act like a little kid." R.C. 2950.09(B)(2)(j). As a result of a number of factors pertaining to Appellant's sexual attraction to children, Fredric Pavelka, a Senior Therapist at the Forensic Psychiatry Center for Western Ohio concluded that Appellant suffers from a personality disorder, and "satisfies the typology of a Fixated Pedophile." R.C. 2950.09(B)(2)(g) and (j).
Appellant further challenges the trial court's finding on the basis that the court relied upon an expert opinion that failed to detail both the factual and scientific bases upon which the opinion was rendered, in violation of Evid. R. 702. However, the Supreme Court has determined that the Ohio Rules of Evidence do not strictly apply to sexual predator determination hearings.State v. Cook (1998), 83 Ohio St.3d 404, 425. Furthermore, R.C.2947.06(B), upon which the trial court relied in having the report prepared, provides procedural safeguards for a defendant, whereby he may "examine the persons making the report, under oath, as to any matter or thing contained in the report." The record reflects that the person making the report herein was not present at the sexual predator hearing on October 28, 1998, when the report was admitted into evidence. However, the hearing was continued until November 5, 1998, specifically for the purpose of allowing defense counsel to confer with the preparer of the report and to call him as a witness for the purpose of testing the bases upon which the report was rendered. When the parties reconvened in November 1998, Appellant did not call any witnesses or otherwise challenge the expert opinion contained in the report. We find no error inherent in this procedure.
Thus, the court had sufficient evidence before it from which to determine by clear and convincing evidence that the defendant is likely to commit sexually oriented offenses in the future. Consequently, we cannot find that the evidence was insufficient as a matter of law to support the trial court's determination that Appellant is a sexual predator. Appellant's second assignment of error is overruled.
Having found no error prejudicial to the Appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
 BRYANT, P.J., and HADLEY, J., concur.