OPINION
This matter is before this court upon the application of appellant, Keith A. Jones, to reopen his direct appeal in the case of State v. Jones (Nov. 29, 1996), Lake App. No. 96-A-0009, unreported, pursuant to App.R. 26(B), which was granted.
The pertinent background to the instant matter began on May 7, 1995, when appellant, along with two other individuals, was involved in a gang-related confrontation in Ashtabula. Later that evening, those three persons picked up Jennifer Dyer ("Dyer"), who then drove them around town. Once their vehicle reached Bell Court in Ashtabula, appellant admitted that he discharged a. 12 gauge shotgun into a residence on that street. The appellee presented evidence that the shotgun then jammed and appellant handed it to a passenger in the back seat behind Dyer. During the transfer, the shotgun unexpectedly discharged killing Dyer.
Appellant was indicted on one count of involuntary manslaughter with a firearm specification, in violation of R.C. 2903.04(B), and improper discharge of a firearm, in violation of R.C. 2923.161(A). Appellant pleaded not guilty to both counts. From January 10 to 12, 1996, a jury trial was held. The jury returned guilty verdicts on both counts and appellant was sentenced on January 17, 1996.
After being sentenced, appellant timely filed a direct appeal with this court. On November 29, 1996, we affirmed the trial court's conviction and found appellant's assignments of error to be without merit. On February 25, 1997, appellant filed an application to reopen his direct appeal, pursuant to App.R. 26(B), which this court granted on August 1, 1997. Appellant now advances the following assignments of error:
 "[1.] The trial court committed plain, reversible error by permitting Detective Eller to testify concerning his opinion that it was physically possible for the victim to have incurred a shotgun wound as alleged by [appellee] and in rebuttal to expert testimony presented in that regard by the appellant.
 "[2.] The appellant's conviction was a direct and proximate result of ineffective assistance of trial counsel, in violation of the appellant's rights pursuant to the Sixth and Fourteenth Amendments to the Constitution of the United States and Article I, Section 10 of the Constitution of the State of Ohio.
 "[3.] The appellant's conviction was against the manifest weight of the evidence."
 In appellant's first assignment of error, he argues that the trial court committed plain error by permitting Detective Eller to testify as a rebuttal witness and to express his opinion that the shotgun could have been in a position in the vehicle, despite its length, to have caused the shooting death of Dyer.
An App.R. 26(B) exercise involves a two-stage process. In the first stage, an applicant must show that there is a genuine issue
in regard to whether he or she was deprived of the effective assistance of counsel at the appellate level. App.R. 26(B)(5). If the applicant for reopening succeeds in satisfying that threshold requirement, the matter will proceed to the second stage. In the second stage, the applicant must demonstrate that his or her appellate counsel was deficient and that the deficiency prejudiced the outcome of the initial appeal in order to have the prior appellate judgment altered. App.R. 26(B)(9).
Once an application to reopen has been granted, the case shall proceed as it would on an initial appeal. App.R. 26(B)(7). However, "the court may limit its review to those assignments of error and arguments not previously considered. * * * [Furthermore,] [t]he parties shall address in their briefs the claim that representation by prior appellate counsel was deficient and that the applicant was prejudiced by that deficiency." App.R. 26(B)(7). Finally, "[i]f the court finds that the performance of appellate counsel was deficient and the applicant was prejudiced by that deficiency, the court shall vacate its prior judgment and enter the appropriate judgment. If the court does not so find, the court shall issue an order confirming its prior judgment." App.R. 26(B)(9).
In reviewing this assignment of error, appellant fails to present any argumentation that his appellate counsel was deficient and that he was prejudiced by that deficiency, as required by App.R. 26(B)(7). Rather, appellant simply claims that the trial court erred by permitting appellee's witness to testify as he did. Clearly, appellant, in this assignment of error, is not attacking his appellate counsel's effectiveness, which he is required to do under App.R. 26(B).
In reviewing our prior decision in this matter, we concluded that the trial court did not commit plain error by permitting Detective Eller to testify as a rebuttal witness. In the direct appeal of this case we held, "[e]ven if appellant had objected [to Detective Eller being called to testify], we simply perceive no error in the trial court's decision to allow this testimony in rebuttal." Jones, supra, unreported, at 4.
However, in the direct appeal, we did not consider the second issue advanced by appellant in this assignment of error. We also agree with appellant that res judicata does not apply to this specific issue raised in this appeal. In regard to his second claim, appellant argues that it was plain error for the trial court to permit Detective Eller to provide his expert opinion regarding the trajectory plane/position of the shotgun in the manner demonstrated in the transcript. The pertinent portion of the transcript states the following:
 "Q. Now, sir, based upon all of the other factors I just alluded to, training, education, experience, and experimentations that you conducted, particularly the length of the dowel that you used, sir, do you have an opinion as to whether or not that shotgun could be held in the back seat in such a position so that there would be sufficient room for that gun to line up with the dowel that you placed through that hole?
"A. Yes, sir.
"Q. And what is that opinion, sir?
 "A. My opinion is that that weapon could have been — this weapon could have been in the back seat with the placement of the dowel rod protruding above the back seat where the butt of this gun could have been above the back seat if this was used to discharge a slug.
 "Q. And do you have an opinion, sir, as to whether that weapon could have actually been in that position and fired and discharged that slug that went through those holes that lined up with your dowels?
"A. Very possible, yes."
 Ohio courts have consistently held that a person who is testifying as an expert witness must proffer his "expert" opinion based upon reasonable scientific or medical certainty. State v. Holt (1969), 17 Ohio St.2d 81, paragraph one of the syllabus; State v. Brown (1996), 112 Ohio App.3d 583, 597. Accordingly, an expert's opinion testimony must be phrased in terms of "reasonable scientific certainty," and not mere "possibility." Holt, 17 Ohio St.2d at paragraph one of the syllabus; Brandt v. Mansfield Rapid Transit, Inc. (1950), 153 Ohio St. 429, paragraphs two and four of the syllabus; Brown, 112 Ohio App.3d at 597.
In light of the foregoing portions of the transcript, both the question and answer fall short of the legal requirement that they be phrased in terms of "reasonable certainty" or "probability." Indeed, Detective Eller's testimony failed to establish, to a degree of scientific certainty, that there was a probability that the shotgun could have been positioned inside the vehicle along the necessary plane of trajectory.[1] Accordingly, the testimony fails to qualify as expert testimony.
Although Detective Eller's testimony does not qualify as correctly responsive expert testimony, the trial court did not commit plain error in permitting the testimony to remain on the record. The standard to be applied in a plain error analysis was articulated in State v. Campbell (1994), 69 Ohio St.3d 38, 41:
 "Under Crim.R. 52(B), we have power to recognize `[p]lain errors or defects involving substantial rights * * * although they were not brought to the attention of the court.' However, this rule may be invoked only in rare cases. Thus, an alleged error `does not constitute a plain error or defect under Crim.R. 52(B) unless, but for the error, the outcome of the trial clearly would have been otherwise.' State v. Long (1978), 53 Ohio St.2d 91 * * *, paragraph two of the syllabus." (Footnotes and parallel citations omitted.)
 In the direct appeal of this matter, there was overwhelming evidence indicating that appellant was in control of the shotgun when it discharged the slug that killed Dyer. In the direct appeal, the evidence demonstrated: (1) appellant had, in fact, admitted that he had been in control of the shotgun prior to Dyer's death and had fired it into a residence, (2) the weapon then jammed, at which time appellant attempted to hand it to an individual riding as a passenger in the back seat, and (3) during the transfer, the shotgun unexpectedly fired the round that killed Dyer. This evidence clearly shows that appellant was in control of the weapon that caused Dyer's death. Furthermore, this evidence supports the conclusion that appellant was in control of the instrumentality causing Dyer's death.
Thus, we conclude that even if the testimony of Detective Eller had been excluded by the trial court, there was no plain error because the outcome of the trial would have been the same. Therefore, appellant's first assignment of error is not well-taken.
In the second assignment of error, appellant contends that his trial counsel was ineffective by virtue of the fact that he failed to object to the rebuttal testimony of Detective Eller.
Presumably, appellant is arguing that his appellate counsel was ineffective by failing to successfully advance this contention in the direct appeal. Yet, in the direct appeal, appellant's counsel did, in fact, make such claim, but because appellant was represented by his trial attorney in the appeal, this court could not address the merits. Under the holding of State v. Lentz
(1994), 70 Ohio St.3d 527, 529-530, this assignment of error is not barred by res judicata, since it could not have been resolved in the direct appeal.
The record shows that appellant provided an expert witness who testified that it was impossible for the shotgun used by appellant earlier that evening to have caused the death of Dyer. The expert's testimony was that the slug killing the victim had a trajectory that would have precluded the shotgun from having enough room inside the vehicle to be held in line with the trajectory plane. In rebuttal, summarizing the testimony set forth in the analysis of the first assignment of error, Detective Eller testified that, in his opinion, based on his training, education, experience, and experimentations inside the vehicle, the shotgun could be lined up with the slug's trajectory plane and, therefore, could have discharged the shell that killed Dyer. Detective Eller indicated that if the shotgun was placed in the backseat, it would line up with the path of the slug.
In Strickland v. Washington (1984), 466 U.S. 668, the Court articulated the two-prong test for evaluating a claim of ineffective assistance of counsel. In that case, the Court held that the defendant must first show that his counsel's performance was deficient. Id. at 687. "This requires showing that counsel made errors so serious that counsel was not functioning as the `counsel' guaranteed the defendant by the Sixth Amendment." Id.
The second prong of the test directs the defendant to show that the deficient performance prejudiced his defense. Id. In order for there to be prejudice, the defense counsel's errors must be shown to be so serious that it deprived the defendant of a fair trial. Id.
In Ohio, a licensed attorney is presumed competent. State v.Smith (1985), 17 Ohio St.3d 98, 100. Furthermore, "[d]ebatable trial tactics generally do not constitute a deprivation of effective counsel." State v. Phillips (1995), 74 Ohio St.3d 72,85. Indeed, due to the countless number of ways to provide effective assistance of counsel in a given case, judicial scrutiny of the attorney's performance must be highly deferential. Statev. Bradley (1989), 42 Ohio St.3d 136, 142. Thus, a reviewing court must indulge a strong presumption that counsel's performance was effective. Id. Finally, "[t]he benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result."Strickland, 446 U.S. at 686.
In regard to the first prong of the Strickland test, the simple fact that appellant's trial counsel did not object to Detective Eller's opinion that the shotgun could have been the weapon causing Dyer's death, is not an error so serious that the attorney was not functioning as the counsel guaranteed by the Sixth Amendment. Beginning with the presumption that appellant's trial counsel was competent, which we are required to do under Smith, the failure to object was merely a debatable trial tactic. Moreover, the transcript further demonstrates that appellant's counsel made several objections during the course of Detective Eller's rebuttal testimony. Importantly, appellant's trial counsel conducted an extensive cross-examination of Detective Eller, which covered most of the points raised by appellant's forensic expert, Larry Dehus, who reached a different conclusion regarding the discharge of the fatal slug. Thus, appellant's counsel was not deficient under the Strickland standard. Therefore, appellant's second assignment of error is not well-founded.
In the third assignment of error, appellant claims that his conviction for involuntary manslaughter, under R.C. 2903.04(B), was against the manifest weight of the evidence.
Appellant has neglected to advance any argumentation that his appellate counsel was ineffective for not having made a manifest weight argument in the direct appeal, as required under App.R. 26(B). Rather, he merely claims that the trial court's conviction for involuntary manslaughter was against the manifest weight of the evidence. However, in this appeal, appellant must show, to the satisfaction of this court, that his appellate counsel was ineffective in the direct appeal because he failed to argue manifest weight. In that regard, appellant has not demonstrated any nexus between appellate counsel's failure to argue manifest weight and ineffectiveness. Furthermore, this court is not of the belief that the failure of appellate counsel to advance a manifest weight argument means that the counsel was ineffective. Instead, the party assigning such error must establish the ineffectiveness. Accordingly, appellant's third assignment of error is without merit.
For the foregoing reasons, the judgment of the Ashtabula County Court of Common Pleas is affirmed.
PRESIDING JUDGE DONALD R. FORD
CHRISTLEY, J., concurs,
O'NEILL, J., dissents.
[1] We note in regard to Detective Eller's response, "[v]ery possible, yes", that under appropriate questioning and circumstances, usually in cross-examination, an expert may make a "possible" response that would qualify as a reasonable degree of scientific certainty opinion.