JOURNAL ENTRY AND OPINION
In State v. Briscoe, Cuyahoga Court of Common Pleas Case No. 364077, Elvert Briscoe was convicted of two counts of rape. This court affirmed that judgment in State v. Briscoe[1] and the Supreme Court of Ohio dismissed his pro se appeal to that court for the reason that no substantial constitutional question existed.[2]
On November 20, 2000, Elvert Briscoe filed an application for reopening[3] and asserts the following errors:
 I. APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF APPELLATE COUNSEL, GUARANTEED BY THE SIXTH AMENDMENT OF THE U.S. CONSTITUTION.
 II. TRIAL COUNSEL DENIED APPELLANT EFFECTIVE ASSISTANCE OF COUNSEL GUARANTEED BY THE SIXTH AMENDMENT OF THE U.S. CONSTITUTION.
 III. TRIAL COURT DENIED APPELLANT HIS CONSTITUTIONAL RIGHTS OF EFFECTIVE ASSISTANCE OF COUNSEL, A FAIR TRIAL AND IMPARTIAL TRIBUNAL.
 IV. TRIAL COURT'S FAILURE TO MAKE A COMPLETE AND ACCURATE RECORDS OF TRIAL PROCEEDINGS DENIED APPELLANT DUE PROCESS AND A FAIR APPEAL OF RIGHT.
 V. TRIAL COUNSEL DENIED APPELLANT HIS SIXTH AMENDMENT RIGHT OF EFFECTIVE ASSISTANCE OF COUNSEL, GUARANTEED BY THE U.S. CONSTITUTION.
 VI. APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF APPELLATE COUNSEL, GUARANTEED BY THE SIXTH AMENDMENT OF THE U.S. CONSTITUTION.
 VII. TRIAL COURT DENIED APPELLANT HIS RIGHTS TO EFFECTIVE ASSISTANCE OF COUNSEL AND DUE PROCESS GUARANTEED BY THE U.S. CONSTITUTION.
 VII(I). TRIAL COUNSEL DENIED APPELLANT EFFECTIVE ASSISTANCE OF COUNSEL, WHICH DENIED APPELLANT HIS RIGHTS UNDER THE 5TH 6TH
AND 14TH AMENDMENTS OF THE U.S. CONSTITUTION AND ARTICLE I, § 10 AND 16
OF THE STATE OF OHIO CONSTITUTION.
 VIII(II). APPELLANT WAS DENIED HIS RIGHTS TO A FAIR TRIAL BY PROSECUTOR MISCONDUCT IN THE STATE'S REBUTTAL CLOSING ARGUMENTS, UNDER THE 5TH AND 14TH AMENDMENTS TO THE U.S. CONSTITUTION.
 IX(III). THE TRIAL COURT ERRED TO THE PREJUDICED (sic) OF THE APPELLANT, WHICH DENIED HIS RIGHTS TO A FAIR TRIAL AND EFFECTIVE ASSISTANCE OF COUNSEL UNDER THE 5TH, 6TH, AND 14TH AMENDMENTS TO THE U.S. CONSTITUTION AND ARTICLE I § 10 AND 16
TO THE STATE OF OHIO CONSTITUTION.
 X(IV). TRIAL COUNSEL DENIED APPELLANT EFFECTIVE ASSISTANCE OF COUNSEL, WHICH DENIED APPELLANT HIS RIGHTS UNDER THE 5TH, 6TH, AND 14TH AMENDMENTS TO THE U.S. CONSTITUTION AND ARTICLE I § 10 AND 16
TO THE STATE OF OHIO CONSTITUTION.
We deny the application. The doctrine of res judicata bars this court from reopening the original appeal where errors of law were either raised or could have been raised through a direct appeal.[4] The Supreme Court of Ohio has further established that a claim for ineffective assistance of counsel may be barred by the doctrine of res judicata unless circumstances render the application of the doctrine unjust.[5]
In this case, Briscoe filed a pro se appeal to the Supreme Court of Ohio. As noted above, the Supreme Court of Ohio dismissed Briscoe's appeal. Because the issue of ineffective assistance of counsel was raised or could have been raised, res judicata now bars any further review of the claim.[6] In this matter, we find that applying the doctrine of resjudicata would not be unjust.
Furthermore, Briscoe's affidavit which accompanies the application to reopen fails to comply with App.R. 26(B)(2) which provides, in part:
 An application for reopening shall contain all of the following:
* * *
 (D) A sworn statement of the basis for the claim that appellate counsel's representation was deficient with respect to the assignments of error or arguments raised pursuant to division (B)(2)(c) of this rule and the manner in which the deficiency prejudicially affected the outcome of the appeal, which may include citations to applicable authorities and reference to the record * * *.
In his affidavit, Briscoe avers that his appellate lawyer was ineffective by failing to raise various claimed errors but he has failed to state in what ways that lawyer was deficient in respect to his assignment of errors. This failure to comply with App.R. 26(B)(2)(d) is a sufficient basis for denying the application for reopening.[7]
Notwithstanding the above, Briscoe failed to establish that his appellate lawyer was ineffective because he did not demonstrate how that performance was deficient and that deficiency prejudiced the defense.[8]
In Strickland v. Washington, the United States Supreme Court stated that a court's scrutiny of an attorney's work must be highly deferential because it is too tempting for a defendant to second-guess his attorney after conviction and that it would be all too easy for a court to conclude that a specific act or omission was deficient, especially when examining the matter in hindsight.[9] Accordingly "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy."[10]
When considering claims of ineffective assistance of appellate counsel, the United States Supreme Court has upheld that lawyers' discretion to decide which issues he believes are the most fruitful arguments. "Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue, if possible, or at most on a few key issues."[11] Additionally, a lawyer is not required to argue assignments of error which are meritless.[12]
Nevertheless, a substantive review of the application to reopen fails to demonstrate that there exists a genuine issue as to whether Briscoe was deprived of the effective assistance of appellate counsel. In addressing the claimed errors, we will combine assignments of error one, two and three; five, seven and eight; and one and six.
In assignments two, three and part of assignment one, Briscoe states that his trial lawyer made inappropriate comments to the jury and that the judge failed to admonish him for these comments. Our review of the record indicates that his lawyer did not make these statements during his closing argument and we need not address these three assignments of error.
Briscoe further claims in assignments of error five, seven and part of nine, that his lawyer failed to object to the testimony and medical reports of the State's witness Marsha Thompson, a pediatric nurse practitioner who evaluates children who are allegedly sexually abused, and that the judge erred in admitting such evidence. After the judge deemed her an expert, Ms. Thompson opined, to the highest degree of medical certainty, that the victim was sexually abused. The admission or exclusion of relevant evidence rests within the sound discretion of the judge[13] whose evidentiary rulings will not be disturbed absent an abuse of that discretion.[14] In this matter, we do not find that the judge abused his discretion in admitting the medical evidence that, while the evidence was prejudicial to Briscoe, was not unfairly prejudicial.[15]
Additionally, Ms. Thompson's opinion, stated in the highest degree of medical certainty, satisfied the degree of probability necessary to provide an expert opinion.[16] Furthermore, we do not find error when Ms. Thompson testified that the child was sexually abused.[17] Because the evidence was properly admissible, the lawyer's failure to object was not prejudicial.[18]
In assignment of error four, Briscoe claims that, "the trial court's failure to make a complete and accurate records (sic) of trial proceedings denied Appellant Due Process and a fair appeal as of right," and cites what he believed was testified to at trial. After review of the alleged inconsistencies, we do not find any prejudice, nor does Briscoe establish how he was prejudiced.[19]
In assignments of error one and six, Briscoe states that his appellate lawyer was ineffective for failing to raise various appellate issues and by failing to inform him of the decision not to argue these errors. As noted, a lawyer is not required to argue assignments of error which are meritless and,[20] because these proposed assignments of error are meritless, Briscoe did not suffer any prejudice.[21]
In assignment of error seven, Briscoe asserts that his lawyer was ineffective for not attacking the alleged victim with inconsistent statements, and by making inappropriate comments about the victim. Our review of the record indicates that his lawyer was attempting to show, based upon medical evidence produced at trial, that the victim was continuously being sexually abused by another individual and that the only reason she named him as the perpetrator was because she was influenced by inappropriate questions. Accordingly, the decision on how to cross-examine a young victim and how to address her to the jury were purely tactical decisions made by his lawyer which this court will not second-guess.[22]
In assignment of error eight, Briscoe claims that the prosecutor made an improper comment and commented on his failure to testify, specifically, "The defense says he doesn't think she is lying;" and "You have no reason to disbelieve Ranita. None. Nothing in his case was refuted."
We find no error with either comment. A prosecutor is allowed to comment upon the strength of the State's case, which includes commenting upon the fact that its evidence has not been rebutted.[23] Moreover, the judge instructed the jury that Briscoe's failure to testify should not be considered for any purpose.[24]
Finally, in assignments of error nine and ten, Briscoe raises the issue that the judge and his lawyer erred to his prejudice which denied his right to a fair trial and effective assistance of counsel. The substance of these errors were previously addressed.
The application to reopen is denied.
ANN DYKE, P.J., and JAMES J. SWEENEY, J., CONCUR.
[1] (Aug. 24, 2000), Cuyahoga App. No. 76125, unreported.
[2] State v. Briscoe (2001), 91 Ohio St.3d 1414, 741 N.E.2d 142.
[3] Briscoe filed a subsequent application to reopen on July 20, 2001. Since we have not decided Briscoe's initial application at the time of the second filing, we will address all issues in this opinion.
[4] See, generally, State v. Perry (1967), 10 Ohio St.2d 175,226 N.E.2d 1204.
[5] State v. Murnahan (1992), 63 Ohio St.3d 60, 584 N.E.2d 1204.
[6] State v. Bluford (Dec. 9, 1999), Cuyahoga App. No. 75228, unreported, reopening disallowed (May 31, 2000), Motion No. 15241, at 2, appeal dismissed (2000), 89 Ohio St.3d 1488, 734 N.E.2d 375; State v.Bugg (Oct. 12, 1999), Cuyahoga App. No. 74847, unreported, reopening disallowed (Apr. 7, 2000), Motion No. 13465.
[7] See, e.g., State v. Towns (Oct. 23, 1997), Cuyahoga App. No. 71244, unreported, reopening disallowed (May 4, 2000), Motion No. 6308, at 4-5.
[8] Strickland v. Washington (1984), 466 U.S. 688, 80 L.Ed.2d 674,104 S.Ct. 2052; State v. Bradley (1989), 42 Ohio St.3d 136, 538 N.E.2d 373, cert. denied (1990), 497 U.S. 1011, 110 S.Ct. 3258.
[9] Id.
[10] Id., 104 S.Ct. at 2065.
[11] Jones v. Barnes (1983), 463 U.S. 745, 77 L.Ed.2d 987,103 S.Ct. 3308.
[12] Id., supra.
[13] State v. Sage (1987), 31 Ohio St.3d 173, 510 N.E.2d 343.
[14] State v. Adams (1980), 62 Ohio St.2d 151, 404 N.E.2d 1287.
[15] Evid. R. 403(A).
[16] See, also, State v. Holt (1969), 17 Ohio St.2d 81, 246 N.E.2d 365;State v. Buell (1986), 22 Ohio St.3d 124, 489 N.E.2d 795.
[17] State v. Boston (1989), 46 Ohio St.3d 108, 545 N.E.2d 1220.
[18] State v. Williams (Oct. 7, 1999), Cuyahoga App. No. 74840, unreported.
[19] State v. Spirko (1991), 59 Ohio St.3d 1, 570 N.E.2d 229.
[20] Barnes, supra.
[21] Strickland, supra.
[22] Strickland, supra.
[23] State v. Ferguson (1983), 5 Ohio St.3d 160, 450 N.E.2d 265;State v. Lane (1976), 49 Ohio St.2d 77, 358 N.E.2d 1081.
[24] See State v. Lytle (1976), 48 Ohio St.2d 391, 358 N.E.2d 623.