[Cite as *State v. Westley*, 2017-Ohio-7717.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 104847**

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## JAZMINE WESTLEY

DEFENDANT-APPELLANT

---

**JUDGMENT:**
REVERSED AND VACATED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-15-592508-B

**BEFORE:** E.A. Gallagher, P.J., Stewart, J., and Laster Mays, J.

**RELEASED AND JOURNALIZED:** September 21, 2017

**ATTORNEYS FOR APPELLANT**

Mark A. Stanton
Cuyahoga County Public Defender
BY: Erika B. Cunliffe
Assistant Public Defender
310 Lakeside Avenue, Suite 200
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor
BY: Khalilah A. Lawson
Assistant County Prosecutor
Justice Center, 9th Floor
Cleveland, Ohio 44113

EILEEN A. GALLAGHER, P.J.:

**{¶1}** Defendant-appellant Jazmine Westley appeals her conviction for endangering children in the Cuyahoga County Court of Common Pleas. For the following reasons, we reverse and vacate.

**Facts and Procedural Background**

**{¶2}** Westley was charged with two counts of endangering children and one count of permitting child abuse stemming from a December 27, 2014 incident in which she brought her ten-week old infant, D.H., to Fairview Hospital for treatment of flu-like symptoms. Chest x-rays revealed multiple healing rib fractures and a healing fracture of D.H.'s left femur. D.H. was transferred, at appellant-mother's request, to Rainbow Babies and Children's Hospital for further treatment. Further examination at Rainbow confirmed the presence of healing fractures to D.H.'s ribs and femur.

**{¶3}** At trial, the state alleged that Westley had knowledge that co-defendant, Dionte Hamilton, had been physically abusive to Westley and Westley's older children and, despite that knowledge, recklessly entrusted D.H. to the care of Hamilton. The state introduced the testimony of Dr. Lolita McDavid, the medical director of child advocacy and protection at Rainbow. McDavid was qualified as an expert in child abuse pediatrics at trial and evaluated D.H. during her admission to Rainbow. McDavid opined that the injuries to D.H. were nonaccidental in nature, explaining that posterior rib fractures in infants are considered high specificity fractures for abuse in pediatric radiology. McDavid stated that babies should not have any fractures and opined that she

didn't believe D.H.'s injuries came from sibling play because siblings "don't break things" and "rib fractures in particular are force." McDavid testified that posterior rib fractures are seen with people who squeeze babies, often with children who are also shaken.

{¶4} The jury returned a verdict of guilty on all three counts against Westley. The trial court merged the three counts as allied offenses and the state elected to proceed to sentencing on the first count of endangering children. The trial court imposed a prison term of two years and later, granted judicial release.

**Law and Analysis**

{¶5} Westley argues that her convictions are against the manifest weight of the evidence, that the trial court erred in improperly admitting other acts evidence in violation of Evid.R. 404(B) and that her due process rights were violated by the prosecutor deliberately misleading the jury.

{¶6} We need not reach Westley's assignments of error because we find plain error on the face of the record in that her conviction, as well as the guilty findings pertaining to the merged counts, were not supported by sufficient evidence. The record reflects that Dr. McDavid failed to offer any testimony to establish that her ultimate opinion, that the injuries suffered by D.H. were the result of nonaccidental child abuse, was offered to a reasonable degree of medical or scientific certainty.

{¶7} Ordinarily, expert opinion testimony is only competent if it is held to a reasonable degree of medical certainty. *State v. Benner*, 40 Ohio St.3d 301, 533 N.E.2d

701 (1988), citing *State v. Holt*, 17 Ohio St.2d 81, 246 N.E.2d 365 (1969), syllabus. In *Benner*, "reasonable certainty" was defined to mean "probability." *Id*. at 313. In *Stinson v. England*, 69 Ohio St.3d, 451 633 N.E.2d 532 (1994), the Ohio Supreme Court held that expert medical opinion testimony must be excluded if it is not stated as a probability— an event or result that is more likely than not to occur.

{¶8} However, in *State v. Thompson*, 141 Ohio St.3d 254, 2014-Ohio-4751, 23 N.E.3d 1096, the court clarified that "expert witnesses in criminal cases can testify in terms of possibility rather than in terms of a reasonable scientific certainty or probability." *Id*. at ¶ 129, citing *State v. D'Ambrosio*, 67 Ohio St.3d 185, 191, 1993-Ohio-170, 616 N.E.2d 909. The court explained in *Thompson* that, "[i]n the criminal context, questions about certainty go not to admissibility but to sufficiency of the evidence; they are matters of weight for the jury." *Id*. at ¶ 129, quoting *State v. Lang*, 129 Ohio St.3d 512, 2011-Ohio-4215, 954 N.E.2d 596, ¶ 77.

{¶9} In this instance, the state failed to elicit testimony from Dr. McDavid establishing that her opinions were based even on possibilities much less reasonable certainty or probability. Even assuming that we could infer from the circumstances that Dr. McDavid's testimony satisfied the *D'Ambrosio* "possibility" standard for criminal cases, such a conclusion would merely allow for the *admissibility* of the testimony. However, Dr. McDavid's opinions were the sole source of evidence to establish that the injuries suffered by D.H. were caused by nonaccidental child abuse. Without more, the state failed to meet its burden in offering sufficient evidence to establish that reckless

conduct by Westley resulted in harm to D.H. A necessary predicate to the state's case against Westley was the theory that Hamilton abused D.H. and, therefore, Westley was reckless in causing D.H.'s injuries because she should have known that Hamiton was a physical threat to D.H. While Dr. McDavid's testimony appears to be admissible pursuant to *D'Ambrosio* and *Thompson*, pursuant to the same authority an opinion based on mere possibility cannot unilaterally satisfy the state's burden to offer sufficient evidence to demonstrate an essential element of an offense beyond a reasonable doubt.

{¶10} Pursuant to *Thompson*, questions about certainty are relevant to the question of the sufficiency of the evidence. Where, as here, the state failed to establish such certainty in an expert's testimony and that testimony was the sole evidence to establish an element of an offense, the conviction cannot stand.

{¶11} We find Westley's remaining assignments of error to be moot.

{¶12} The judgment of the trial court is reversed. Westley's convictions are hereby vacated.

It is ordered that appellant    recover from appellee the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to

Rule 27 of the Rules of Appellate Procedure.

_____

EILEEN A. GALLAGHER, PRESIDING JUDGE

MELODY J. STEWART, J., and
ANITA LASTER MAYS, J., CONCUR